In Re: **Bennie E. DEMPS, Petitioner.**

No. 00–12907.

United States Court of Appeals,
Eleventh Circuit.

June 7, 2000.

Bill Salmon (Court Appointed), Law Office of Bill Salmon, George Frederick Schaefer (Court Appointed) Gainesville, GA, for Petitioner.

---

11. Our mandate does not disturb the district court's February 3, 1999 award of certain expenses.

Before ANDERSON, Chief Judge, and BIRCH and WILSON, Circuit Judges.

BY THE PANEL:

Bennie Demps, a Florida state prisoner who is scheduled for execution at 6:00 P.M., on Wednesday, June 7, 2000, has filed a motion denominated as "an emergency motion requesting appointment of counsel to represent petitioner in accordance with 21 U.S.C. § 848(q)(4)(B) and motion for stay of execution," and a motion for leave to proceed *in pauperis*. Because Demps has filed a prior petition for writ of habeas corpus in the federal courts[1], we treat his motion for appointment of counsel as an application for leave to file a successive habeas petition pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

We GRANT Demps leave to proceed *in forma pauperis*, and APPOINT attorney George F. Schaefer, who prepared these motions, and attorney William Salmon, who represented Demps in state post-conviction proceedings, as counsel for Demps, *nunc pro tunc* to the preparation and filing of these motions.

Under the AEDPA, we will authorize the district court to consider a successive petition for writ of habeas corpus only if:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence, that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A) and (B).

Demps alleges that he recently discovered a memorandum dated September 7, 1976, written by Chief Prison Inspector and Investigator Cecil Sewell and addressed to Louie Wainwright, then Secretary of the Department of Corrections, which Demps alleges proves that he is innocent. We have reviewed the memorandum and the argument presented by counsel and do not find that Demps has made a claim sufficient to demonstrate that "by clear and convincing evidence that ... no reasonable fact finder would have found him guilty of the underlying offense."[2] 28 U.S.C. § 2244(b)(2)(B)(ii). We specifically find that Sewell's use of the word "assailant" is not inconsistent with correctional officer A.V. Rhoden's trial testimony, and that there was other substantial corroborative and eyewitness testimony for a "reasonable fact finder" to have found him guilty of the underlying offense. *Id.*

Therefore, because we find that Demps has failed to make a *prima facie* showing

---

1. Demps has actually filed three prior federal habeas petitions.

2. We have reviewed the following documents which were lodged with this court prior to the filing of this motion: Demps's fourth motion for post conviction relief, pursuant to Fla. R.Crim.P. 3.850, filed with the state trial court, the attachments to that motion including the Sewell memorandum and the affidavits of counsel, the state trial court's opinion, the briefs submitted to the Florida Supreme Court, and the Florida Supreme Court opinion. We hereby direct the clerk to make these documents a part of the record in this case.

of the existence of any of the grounds upon which a successive petition for writ of habeas corpus may be authorized, his application for leave to file a successive petition for writ of habeas corpus is DENIED.

Demps's emergency motion for stay of execution is DENIED.